ROSENBAUM, Circuit Judge,
concurring:
Sometimes things are not as they seem. Today we conclude that the phrase “statement respecting ... the debtor’s financial condition” in 11 U.S.C. § 523(a)(2) warrants a broad reading. As a result, Ap-pling, the debtor in this case, will receive a discharge of the debt he incurred by lying about how he would pay for the legal services he dishonestly obtained. That certainly seems to frustrate a “primary purpose” of the Bankruptcy Act to provide relief to only the “honest debtor.” See Local Loan Co. v. Hunt, 292 U.S. 234, 244, 54 S.Ct. 695, 78 L.Ed. 1230 (1934) (citation and internal quotation marks omitted).
But in actuality, the broad reading we give to the phrase “statement respecting ... the debtor’s financial condition” better promotes congressional intent to give a fresh start to only the “honest debtor” than does a narrow construction of the same phrase. This is so because the very same phrase appears in both §§ 523(a)(2)(A) and (B), and it must have the same meaning in both subsections. Though a narrow construction of the phrase in subsection (A) seems to further congressional intent to protect only the “honest debtor,” a broad interpretation of the phrase in subsection (B) better comports with congressional intent. And the reality is that a broad construction of the phrase “statement respecting ... the debtor’s financial condition” in subsection (B) advances congressional intent to provide relief for only the “honest debtor” more than a narrow interpretation of the same phrase in subsection (A).
Because the words of the phrase alone are ambiguous, we must construe the phrase with an eye towards congressional intent in enacting the Bankruptcy Act. When we do that, it is clear that “statement respecting ... the debtor’s financial condition” must have the broad meaning that the panel attributes to it.
I.
There’s no getting around it. Standing alone, the words of the phrase “statement respecting ... the debtor’s financial condition” are not unambiguous. True, the panel seems to think they are and argues that the words clearly mean any statement about any finance, asset, or liability that the debtor may have. .But other courts have concluded that the language “statement respecting ... the debtor’s financial condition” refers to only statements about a debtor’s overall financial circumstances — which do not include statements about only a single asset or liability.
Among the courts that appear to have understood the phrase to mean the opposite of what we conclude today is the Supreme Court, though the Supreme Court has not expressly addressed the meaning of the language. In Field v. Mans, 516 U.S. 59, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995), the Court held that a creditor need show only justifiable reliance on a fraudulent misrepresentation in order to except the debt incurred as a result of that reliance, from discharge under § 523(a)(2)(A). *962 In reaching this conclusion, the Supreme Court discussed § 523(a)(2)(A) and (B)’s references to “a statement respecting the debtor’s ... financial condition” and conveyed its understanding that the words “financial condition” in § 523(a)(2) are a prohibition on excepting from discharge under both subsections (A) and (B) “debts traceable to ... a materially false financial statement,” id. at 64, 116 S.Ct. 437 (emphasis added), apparently meaning “financial statement” as a term of art referring to a statement of net worth, not a statement about a single asset or liability. So at least at the time it decided Field, the Supreme Court appeared to have a different understanding of the phrase “a statement respecting the debtor’s ... financial condition” than we embrace today.
To be sure, I do not suggest that Field’s discussion of the meaning of “a statement respecting the debtor’s ... financial condition” purports to instruct courts on, the proper meaning of § 523(a)(2)(A). But the Supreme Court’s understanding as conveyed in Field demonstrates that the language of the phrase is fairly susceptible of more than one meaning.
Three other circuits have likewise concluded that the phrase “a statement respecting the debtor’s ... financial condition” must be construed narrowly, to refer to only those statements about a debtor’s overall net worth — though they do not appear to have determined the language of the phrase to have an unambiguous meaning. See, e.g., In re Bandi, 683 F.3d 671 (5th Cir. 2012); In re Lauer, 371 F.3d 406 (8th Cir. 2004); In re Joelson, 427 F.3d 700 (10th Cir. 2005).
But while the language itself of the phrase in question may not be unambiguous, that doesn’t mean that § 523(a)(2) is ambiguous in the overall statutory scheme.' When we construe a statute, we must do so not only by looking to the language itself, but also by reference to “the specific context in which that language is used, and the broader context of the statute as a whole.” Yates v. United States, — S.Ct. —, 135 S.Ct. 1074, 1081-82, 191 L.Ed.2d 64 (2015) (citation and quotation marks omitted). And when we do that, it is clear that we must give the phrase “a statement respecting the debtor’s ... financial condition” a broad construction.
The Supreme Court has repeatedly emphasized that the Bankruptcy Code “limits the opportunity for a completely unencumbered new beginning to the ‘honest but unfortunate debtor.’ ” Grogan v. Garner, 498 U.S. 279, 287, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991) (quoting Hunt, 292 U.S. at 244, 54 S.Ct. 695). For this reason, only honest debtors receive the benefit of the general policy that exceptions to discharge are to be construed strictly against the creditor and liberally in favor of the debtor. In re St. Laurent, 991 F.2d 672, 680 (11th Cir. 1993). Indeed, we have said that “the malefic debtor may not hoist the Bankruptcy Code as protection from the full consequences of fraudulent conduct.” Id. at 680-81.
So to the extent that the language “statement respecting ... the debtor’s financial condition” is fairly and reasonably susceptible of a construction that better furthers congressional intent to protect only the honest debtor, we are obliged to apply that interpretation. When it comes to § 523(a)(2), a broad construction is reasonable and better accomplishes this' purpose than a narrow one.
As the panel notes, the phrase “statement respecting ... the debtor’s financial condition” appears in both subsections (A) and (B). We therefore presume it to have the same meaning in both subsections. See Mohasco Corp. v. Silver, 447 U.S. 807, 826, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980) (“[W]e cannot accept respondent’s position *963 without unreasonably giving the word ‘filed’ two different meanings in the. same section of the statute”).
But though the words have the same meaning in both subsections (A) and (B), they have opposite effects on whether a debtor may discharge a debt for something obtained through the use of a “statement respecting ... the debtor’s financial condition.” Under subsection (A), which refers to oral statements, if a statement falls within the meaning of “statement respecting ... the debtor’s financial condition,” the debt incurred as a result of that statement is dischargeable. Meanwhile, under subsection (B), which refers to written statements, if a statement comes within the meaning of “statement respecting ... the debtor’s financial condition,” the debt incurred as a result of that statement is not dischargeable, provided that the other conditions in subsection (B) are satisfied.
So if the phrase has a broad meaning, more false oral statements will have the effect of exempting a debt incurred as the result of a misrepresentation, from the exception to discharge (meaning that such debts will be discharged), than if we construe the phrase narrowly. But fewer false written statements will result in excusing a debt for a fraudulently obtained asset, service, or loan. And since it seems likely that, at least in arm’s length transactions, most significant debts are obtained as the result of written representations about finances, as opposed to oral ones, a broader interpretation of the phrase is less likely to benefit dishonest debtors than a narrow construction of it.
II.
For these reasons, I agree with the panel that we must construe the phrase “statement respecting ... the debtor’s financial condition” broadly. To be sure, doing so has the effect of allowing Appling’s debt for legal services, which the bankruptcy court concluded he obtained by lying to Lamar about the tax refund, to -be discharged. But in the overall statutory scheme, the broad interpretation better promotes Congress’s concern to provide relief to “honest debtors” only.